C6



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Emma Spiro*  
*Assistant United States Attorney*

*970 Broad Street, Suite 700*  
*Newark, New Jersey 07102*

*Phone: 973-645-2708*  
*Facsimile: 973-645-4546*

February 10, 2023

Stacy Biancamano, Esq.
Biancamano Law, LLC
Cranford Executive Plaza
312 North Avenue East, Suite 7
Cranford, NJ 07016-2464
Phone: (908) 325-3023
sbiancamano@biancamanolaw.com

    Re: <u>Plea Agreement with Dominique Auston</u>

Dear Ms. Biancamano:

  This letter sets forth the plea agreement between your client, DOMINIQUE AUSTON ("D. AUSTON"), and the United States Attorney for the District of New Jersey ("this Office"). **The Government's offer to enter into this plea agreement expires on February 17, 2023**.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from D. AUSTON to a one-count Superseding Information, which charges: knowingly and intentionally conspiring with others to distribute, and possess with the intent to distribute fentanyl, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.

  If D. AUSTON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against D. AUSTON for her role in a conspiracy to distribute fentanyl from approximately September 2019 through and including December 2019.

  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, D. AUSTON agrees that any dismissed

charge and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by D. AUSTON may be commenced against her, notwithstanding the expiration of the limitations period after D. AUSTON signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Superseding Information carries a statutory maximum prison sentence of 20 years, and carries a statutory maximum fine equal to the greater of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to K. AUSTON. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon D. AUSTON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence D. AUSTON ultimately will receive.

Further, in addition to imposing any other penalty on D. AUSTON, the sentencing judge: (1) will order D. AUSTON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order D. AUSTON to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and (4) may deny D. AUSTON certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841, the sentencing judge must require D. AUSTON to serve a term of supervised release of at least 3 years. This term will begin at the expiration of any term of imprisonment imposed. Should D. AUSTON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, D. AUSTON may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on D. AUSTON by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of D. AUSTON's activities and relevant conduct with respect to this case.

Stipulations

This Office and D. AUSTON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and D. AUSTON waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

      D. AUSTON agrees that as part of her acceptance of responsibility and pursuant to 21 U.S.C. § 853, she will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Superseding Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

      D. AUSTON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. D. AUSTON understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of D. AUSTON's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. D. AUSTON hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

      D. AUSTON understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. D. AUSTON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. D. AUSTON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. D. AUSTON understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, D. AUSTON waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against D. AUSTON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against D. AUSTON.

No provision of this agreement shall preclude D. AUSTON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that D. AUSTON received constitutionally ineffective assistance of counsel.

No Other Promises

       This agreement constitutes the plea agreement between D. AUSTON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                                Very truly yours,

                                                PHILIP R. SELLINGER
                                                United States Attorney

                                       By: _____
                                                EMMA SPIRO
                                                Assistant U.S. Attorney

APPROVED:

_____
JAMES DONNELLY
Chief, Organized Crime and Gang Unit

I have received this letter from my attorney, Stacy Biancamano, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 3/8/2023
Dominique Auston
\* signed by counsel with client's consent

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 3/8/2023
~~Stacy Biancamano, Esq.~~
Daniel Holzapfel, Esq.

- 7 -

<u>Plea Agreement with D. AUSTON</u>

<u>Schedule A</u>

1. This Office and D. AUSTON agree to stipulate to the following facts:

    a. From in or around August 2019 through on or about December 19, 2019, D. AUSTON conspired with others to distribute and possess with intent to distribute at least 400 grams of fentanyl, a Schedule II controlled substance.

    b. As part of this conspiracy, D. AUSTON worked with others to distribute fentanyl in and around the Bradley Court Housing Complex.

    c. Also as part of the conspiracy, the conspirators utilized a stash house located on Willoughby Street in Newark, New Jersey.

    d. D. AUSTON was a minor participant in the conspiracy under the definition of U.S.S.G. § 3B1.2(b).

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.